By the Judges.
Upon the leading points made in support of the injunction, we hold:
.1st point. As the proper construction of section 2303, Revised Statutes.:
(a) That the council may accept the separate bids for .material or for labor, and if they accept separate bids they must accept the lowest .bid of the class they accept; but that rule is to be applied to the separate bids.
(b) That the council may, in its discretion accept a bid for both labor and material which may be the lowest aggregate of cost or bid for the improvement.
(c) That in ascertaining the lowest aggregate cost or bid the council may take—
1st. The aggregate amount of any single bid which is for both labor and material.
*646 2nd. They may add any one separate bid for labor to any one separate bid for material to find an aggregate cost or bid of or for the improvement.
3rd. The council may not take the lowest bid for either material or labor of any bid for the whole work and add the same to any other bid, either a separate bid or part of a bid for the whole work, to ascertain the lowest aggregate cost of or bid for such improvement.
4th. The bids for labor or material are each to be taken as a whole, and the council may not take particular items in one bid and add the same to items of labor or material in other bids to ascertain the lowest aggregate cost.
5th. The bids which are for both labor and material are to be accepted as a whole, and the council should not under the statute accept the bids for labor or material in such bids separately. Such bids are made as a whole,and should be accepted or rejected as a whole.
It follows that a statement upon a bid for the whole work, “that the bid is as a whole,” is irrelevant and immaterial.
2nd point. The statute provides that the lowest responsible bid shall be accepted, etc.
The authority is vested in the council to decide which is the lowest responsible bid, and that authority or power will not be interfered with by the courts except upon a clear showing of fraud or gross abuse of authority practically amounting to a fraud; and the question of responsibility must enter largely into all decisions of the council in accepting bids. The court will presume always that the council acted rightfully in making a decision until the contrary is shown.
No evidence is given as to the responsibility of any of the bidders, and how far that question may have entered into the acceptance or rejection of any bid does not appear.
3rd point. As to the manner in which the bids were opened and reported to the council, we see no'substantial objection.
C. P. Wickham, Geo. C. Beis, and Geo. B. Reiter, for plaintiff.
Colver & Colver, Linn W. Hull, and Henry Schoepfle, City Solicitor, for defendants.
4th point. We have no doubt that the word “brick” as used in the specifications, applies to and includes the word “block,” as used in the bids, and that both refer practically to the same article.
5th point. The bid of Jacobs & Conley did not conform to the requirements of the council, and the council would have the power to reject the same for that reason. The court in our opinion ought not to grant an injunction upon a claim based upon a defective bid.
6th point. We find no evidence before us to substantiate the allegation of the petition charging collusion and confederacy on the part of the members of the common council with the successful bidder or bidders in awarding the bid to such bidders, nor anything to show that the members of the council were not acting according to their best judgment, and faithfully endeavoring to perform the duties imposed upon them in regard to the making of such improvement
Under our construction of the statute, and under the evidence before us, it appears to us that the council did in fact let the contract for the making of this improvement to the lowest bidder therefor, and for the lowest aggregate cost of such improvement under the bids made.